SANTA FE EXCHANGE BANK, Appellant, v. JOHN H. DICK, Respondent.

Kansas City Court of Appeals, January 24, 1898.

Banks and Banking: POWERS OF CASHIER: PAYMENT OF NOTE: PURCHASE OF ACCOUNT. The cashier of a bank is its executive officer and may take a book account in payment of a note.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Harry K. West* for appellant.

A bank cashier has no power or authority by virtue of his office to exchange a note which belongs to the bank for an ordinary book account on a third person. Banks do not deal in book accounts and the purchase of a book account is not an act done in the ordinary course of the business confided to such an officer. R. S. 1889, sec. 2745; *Bank v. Hughes*, 62 Mo. App. 576; *Hyde v. Larkin*, 35 Mo. App. 365; *Bank v. Sailer et al.*, 63 Mo. 24; *Winsor v. Bank*, 18 Mo. App. 665; *Chew v. Ellingwood*, 86 Mo. 260; *Lionberger v. Mayer*,

12 Mo. App. 575; Am. and Eng. Ency. of Law [2 Ed.], pp. 987, 1027 and 1028; Morse on Banks and Banking [3 Ed.], sec. 151, 158e, 159e and 159f.

*A. W. Mullins* and *Benj. L. White* for respondent.

The act of Wm. Taylor, as cashier of the plaintiff bank, was valid and authorized by law. R. S. 1889, sec. 2745, p. 700; *Bank v. Hughes*, 62 Mo. App. 581; *Fleckner v. Bank*, 8 Wheat. 338, 360–361; *Case v. Bank*, 100 U. S. 446, 454; *Young v. Hudson*, 99 Mo. 102, 106.

ELLISON, J.—This action is on a promissory note. The defendant pleaded payment and was sustained in his defense by the judgment in the circuit court.

The case involves the authority of plaintiff's cashier.

The record does not present the facts which seem to make up the case with the clearness it should. The best we can make out from the evidence is, in substance, as follows: Defendant executed the note to plaintiff, with one Ogle as surety, for $60, borrowed money. Ogle owed defendant a sum equal to the note on account for brick furnished Ogle in a building the latter built for one Schorgl, defendant having a mechanic's lien on the building therefor. Ogle also owed plaintiff $400. Schorgl owed Ogle on account of the building a sum of money, but the amount does not appear. Whatever was done by plaintiff was by and through its cashier. This cashier, it dimly appears, was also agent for a building and loan association. The cashier was intending to obtain a loan to Schorgl on the building aforesaid from the association and in order to do so the building must be cleared of liens. The cashier, therefore, proposed to defendant that he would take a transfer of his ac-

count against Ogle in payment of his note. Defendant accepted the proposition, gave over the account to the cashier and the latter stamped the note paid, but did not deliver it up to defendant. The cashier's object in getting the loan on the building for Schorgl was that the latter might pay Ogle and Ogle could then pay the bank the $400 he owed it. And his object in accepting defendant's account in payment of the note sued on was that he might control it and prevent its being placed as a lien on the building and thus disable him from obtaining the loan for Schorgl from the building and loan association. The cashier's ultimate object appears to have been the collection of the $400 owing to the bank by Ogle. To accomplish that purpose he had the transaction of settlement of the note in suit with defendant.

The point made by plaintiff on this appeal is that the cashier had no authority to take the account from defendant and discharge him on the note. In our opinion this position is not well taken. The cashier of a bank "is considered the executive officer of the bank through whom the whole moneyed operations of the bank in paying or receiving debts, or disposing or transferring securities, are conducted." *Bank v. Hughes*, 62 Mo. App. 581.

<div style="margin-left:2em; font-variant:small-caps;">Banks and banking; powers of cashier: payment of note: purchase of account.</div>

"Such an officer is *virtute officii* intrusted with the notes, securities and other funds of the bank, and is held out to the world by the bank as its general agent for the transaction of its affairs, within the scope of authority, evidenced by such usage, practice and course of business." *Case v. Bank*, 100 U. S. 454; *Winsor v. Bank*, 18 Mo. App. 665.

It seems to us that the facts which we have summarized as best we can from a vague and unsatisfac-

tory record, make a case clearly within the line of duty and the authority of a cashier. The judgment will be affirmed. All concur.